EASTERN DIS.
June, 1832.

WITHERS
vs.
WITHERS'S
EXECUTORS.

---

## WITHERS vs. WITHERS'S EXECUTORS.

APPEAL FROM THE COURT OF PROBATES OF NEW-ORLEANS.

Where the same individual acts as executor of an estate and curator of a minor to whom part of that estate devolves, he cannot charge the minor with fees paid to counsel for advice and aid to him as curator, when full compensation has been charged for professional assistance to him in his quality of executor, and the situation of the estate called for no distinct and independent employment of counsel for the curator.

The facts are stated in the opinion of the court delivered by MARTIN, J.

This case was remanded from this court to that of probates, with directions to the judge to take an account of moneys paid to or for the plaintiff, by one of the executors, who had also been her curator *ad bona;* to deduct the amount from her share of the estate in the hands of the defendants, and give judgement against them for the balance.   From the decision of the Court of Probates the plaintiff has appealed.

The record shows that on the return of the case to the Court of Probates, the defendant was called on to exhibit an account of his disbursements and advances; whereupon he

produced an account, in his own individual name, against the plaintiff, in which he credited her for her share of the balance of the estate in the hands of the executors, and debited her with the moneys disbursed for or paid to her, with his commission on her presumed revenue during two years and one-half, and a sum of five hundred dollars paid for professional services in the affairs relating to the curatorship. He prayed that this account might be homologated as that of the curatorship, and that on his paying the balance, his bond might be cancelled and the mortgage on his estate raised.

EASTERN DIS.
June, 1832.

WITHERS
vs.
WITHERS'S
EXECUTORS.

The plaintiff made opposition to the allowance of the charge for commissions and that for professional services. The first was abandoned, and the last allowed, and judgement was given as the defendant had prayed.

The plaintiff's counsel, in this court, has complained that the Court of Probates deviated from the instructions of this court, which were to give judgement against all the defendants in the case, according to the prayer of the petition and the nature of the action. He has also contended that she had not one cent of property (during the eight months in which she had a curator) that could require the attention or care of such an officer, much less that could require any application to counsel for advice or assistance.

The counsel has shown that the letters testamentary bear date of the 17th of September, 1829, and those of curatorship of the 23d of the same month; that in May, 1830, the plaintiff was emancipated by her marriage, a circumstance which was known to her curator early in the following month. So that the curatorship expired in June, and the testamentary year in September, 1830. And afterwards, the plaintiff, having no account to require from the curator, instituted the present suit against the executors, for her share of the balance of the estate in their hands.

They made a charge against her for her proportion of a sum of three thousand six hundred dollars, which, under the sanction of the Court of Probates, they had agreed to pay to a gentleman of the bar, for all his services rendered and to be

EASTERN DIS.
June, 1832.

WITHERS.
vs.
WITHERS'S
EXECUTORS.

rendered during the settlement of the estate, and she submitted without a murmur to bear her part of an additional charge of one thousand dollars, which the executors, without any appearance of the least necessity or use, paid to another gentleman, the counsel in the present action; and it has been contended she cannot now be expected to pay any thing more on the score of lawyers' fees.

The opposite counsel has answered that he argued the present case when first before us during the last winter, and although the executors were the nominal defendants, the one of them who had been the curator of the plaintiff was alone interested in the action, and on him only the counsel considered himself as having a claim for remuneration; and he has referred us to the judgement of the Court of Probates for the law of the case.

The plaintiff brought the present action against the executors; and as they all subscribed the account, and are jointly and severally answerable, we cannot on the mere assertion of counsel, admit that his compensation is exclusively to be charged to the executor who was the plaintiff's curator, so as to make it a charge in regard to the affairs of the curatorship.

As to the law of the case, the judgement informs us, that the tutorship accounts are rendered at the expense of the minor, and the tutor advances the expenses. This is undeniable; but in the present case the curator received nothing, acted on nothing, had nothing to act upon; he had therefore no account to render. It is true, the person who was at once, during eight months, executor of the deceased and curator of the plaintiff (having in the former capacity funds of the estate in his hands) advanced a sum of about three hundred and fifty dollars for the plaintiff, which in the present suit he has asked credit for on the share of the plaintiff, in the executor's hands, which has been allowed, on the motion of a counsel, evidently that of the executor's, and to the remuneration of which the plaintiff has contributed.

But the judgement states the executor, who was curator, has not received any commission as curator, has given bond

Where the the same individual acts as executor of an estate and curator of a minor to whom part of that estate devolves, he cannot charge the minor with fees paid to counsel for advice and aid to him as curator, when full compensation has been charged for professional assistance to him in his quality of executor, and the situation of the estate called for no distinct and independent employment of counsel for the curator.

with a heavy penalty, and his estate has been mortgaged. <span style="float:right">Eastern Dis.<br>*June*, 1832.</span> Trouble must attend the procuring the cancelling of this bond and the raising of the mortgage, and for this five hundred dollars <span style="float:right">CLINE<br>*vs.*<br>CALDWELL.</span> are a reasonable compensation. The cancelling of the bond and the consequent radiation of the mortgage, had they been opposed by the minor, would have authorized the curator to employ counsel for removing obstacles illegally thrown in his way. But the most groundless apprehension cannot justify useless disbursements of a minor's money. In the present case the legal disbursements for the minor have been adjusted in the present suit, to the costs of which she has contributed. It is not pretended that the curator received or could have received any money of hers. The surrender of his land and the radiation of the mortgage are the necessary result of the final judgement, and the plaintiff cannot be charged to additional costs therefore.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Court of Probates be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed, that the plaintiff recover from the defendants the sum of forty-three thousand eight hundred and one dollars, all costs to be paid by the estate, except those of the appeal, to be borne by the appellee.

*Seghers*, for appellant. *Slidell*, for appellee.