ANDREW B. DAVIS, Tutor of Peter Bryan and others, Minors, *v.*
    JOHN M. B. THOMPSON, Administrator of the Succession of
    James Bryan, deceased.

Where the administrator of a succession, of which the heirs are present, the adminis-
    trator himself being the only creditor who had presented himseif, permits the pro-
    perty to remain in the hands of the widow of the deceased, as the natural tutrix of
    the minor heirs, for their support, and she illegally alienates it, he will not be re-
    sponsible to the minors.   C. C. 268, 271, 272, 273.

APPEAL from the Court of Probates of Caldwell, *Snow,* J.

*McGuire,* for the plaintiff.   It was the duty of the administra-
tor to take charge of the estate, and to  manage it (Civil Code,
art. 1034) ; and to sell it, if necessary to pay the debts.   Civil
Code, art. 1055.   He must be governed by the rules applicable
to curators of vacant successions.   He has the same powers,
and is subject to the same duties and responsibilities.   Civil
Code, art. 1042.   He is bound to take care of the effects of the
succession ; and to render an account of the fruits and revenues,
and is responsible in damages for neglect.   Civil Code, art. 1140.
If the deceased was in community, or partnership, he should have
caused a partition to be made (Civil Code, art. 1128) ; all of which
been neglected by the defendant.   He was not justified in leav-
ing the property with the mother, who married shortly after-
wards ; nor had she a right to spend more than the revenue of
the minors, for their support, without the advice of a family
meeting.   Civil Code, art. 343.

*Garrett,* for the appellant.   The defendant had no right to
take the property from the natural tutrix, but to pay the debts
of the succession ; and, in this case, no other creditor than the
defendant, ever presented himself.   The creditors do not com-
plain of the conduct of the defendant ; and the minors cannot,
as the person authorized by law had charge of the property.
See the case of *Willson* v. *Craighead,* lately decided.

MORPHY, J.   The defendant, who was appointed administra-
tor of the estate of James Bryan, in November, 1840, is now
sued by the tutor of the three minor children of the deceased,

to render an account of his administration of said estate, which is alleged to have amounted to $426, according to an inventory taken of it, in October, 1840. The defendant admits his appointment, and says that the deceased left a surviving widow, and the minor children of whom the plaintiff is tutor; that the property inventoried was in the possession of the widow, who retained it, and refused to deliver up any part of it to him, claiming the negro woman inventoried as her separate property, and the possession of the remaining property, as entitled to one half of it, and for the support and maintenance of herself and her children; that the cattle were claimed, and subsequently taken out of the possession of the widow, who kept the carding and spinning machine, and other personal property mentioned in the inventory; so that he (the defendant) never received one cent for, or on account of the succession of the late James Bryan. There was a judgment below, decreeing the defendant to pay to the plaintiff, in his capacity of tutor, the full sum of $426, the amount of the property inventoried. From this judgment, the defendant has appealed.

The evidence shows, that after the death of James Bryan, an inventory was taken of the property he left, consisting of a negro woman, a carding and spinning machine, a few head of cattle, and some articles of furniture of little value; that the whole was appraised at $426, and remained in the possession of the mother and natural guardian of the minors. The defendant, representing himself as a creditor of the deceased, applied for and obtained the administration of the estate. No claims having been presented, the defendant, it appears, forbore to press his own, and left the property in the hands of the widow, who was entitled to one half of it, and who, as natural tutrix of her children, was the guardian of their persons and property. In pursuing this course he was prompted by feelings of humanity, as the witnesses testify that, if the property had been taken out the possession of the widow at the time when the inventory was made, it would have left her and her children in a destitute situation. Some time after, the widow married one Henry Reams, and sold the negro woman inventoried, and most of the personal property; but no part of it ever came

into the possession of the defendant. Under the peculiar circumstances of this case, it would be, in our opinion, extremely unjust to hold the administrator responsible, as he received nothing, and left the property where the law would have placed it, had the estate been entirely free from debt. The appointment of an administrator to a succession of which the heirs are all present, is made principally for the protection of the creditors. When all the debts are paid, the balance remaining, if there be any, must be paid over to the beneficiary heirs, or their legal representatives. Civil Code, art. 1051. In the present case, no creditors have presented themselves, except the defendant; and as they do not complain of the course he pursued, the minors, in our opinion, cannot, their property having been in the custody of the person authorized by law to keep and administer it. Civil Code, arts. 268, 271. If their property has been legally alienated or mismanaged, they are not without a remedy. Civil Code, arts. 272, 273. But, as this court said, on a former occasion, the defendant having received nothing, and having had nothing to act upon, has no account to render. 4 La. 136. See, also, *Wilson* v. *Craighead*.

It is, therefore, ordered, that the judgment of the Court of Probates be reversed, and that ours be for the defendant, with costs in both courts.